1  **ANDREW LAH**
   California Bar No. 234580
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  andrew_lah@fd.org

5  Attorneys for Mr. Adams

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

                    **(HONORABLE ROGER T. BENITEZ)**

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR2531-BEN |
|---|---|---|
| Plaintiff, | ) | DATE: September 22, 2008 |
| | ) | TIME: 2:00 P.M. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| GENTRY ADAMS, | ) | |
| | ) | (1) COMPEL DISCOVERY AND PRESERVE |
| Defendant. | ) | EVIDENCE; and |
| | ) | (2) GRANT LEAVE TO FILE FURTHER |
| | ) | MOTIONS |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, AND
    GREG NOONA, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Monday, September 22, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, Defendant Gentry Adams, by and through his attorneys, Andrew Lah and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

**MOTIONS**

Defendant Gentry Adams, by and through his attorneys, Andrew Lah and Federal Defenders of San Diego, Inc., moves this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order:

(1) Compel Discovery and Preserver Evidence; and
(2) Granting Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

                                    Respectfully submitted,

                                    s/ Andrew Lah

Dated: September 8, 2008        **ANDREW LAH**
                                    Federal Defenders of San Diego, Inc.
                                    Attorneys for Mr. Adams
                                    andrew_lah@fd.org

**ANDREW LAH**
California State Bar No. 234580
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5030
Telephone:  (619) 234-8467
E-mail: andrew_lah@fd.org

Attorneys for Mr. Adams

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08cr2531-BEN |
|  | ) |
| v. | ) |
|  | ) |
| GENTRY ADAMS, | ) STATEMENT OF FACTS AND |
|  | ) MEMORANDUM OF POINTS AND |
| Defendant. | ) AUTHORITIES IN SUPPORT OF MOTIONS |
|  | ) |

**I.**

**STATEMENT OF FACTS**

A grand jury indicted Gentry Adams and Kyle Chapman in an eleven-count indictment charging violations of 18 U.S.C. Sections 922(a)(1)(A) and 924 (a)(1)(D), dealing firearms without a license, 18 U.S.C. Sections 922 (g)(1) and (924(a)(2), felon in possession of a firearm, and 26 U.S.C. Sections 5845, 5861(d), and 5871, unlawful possession or receipt of unregistered firearms.  Counts four and six apply to Mr. Chapman.  These motions follow.

//
//
//
//

1

## II.

## **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Adams requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). He also requests preservation of evidence and has attached a proposed order thereon for the Court's convenience.

1. The Defendant's Statements. The government must disclose to Mr. Adams *all* copies of any written or recorded statements made by him; the substance of any statements made by Mr. Adams that the government intends to offer in evidence at trial; any response by him to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of him oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to him; and any other statements by him. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* of Mr. Adams's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. Arrest Reports, Notes and Surveillance Tapes. Mr. Adams also specifically requests that all arrest reports, notes and surveillance or any other tapes that relate to the circumstances surrounding her arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Adams or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Adams are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. Brady Material. Mr. Adams requests all documents, statements, agents' reports, and tangible evidence favorable to her on the issue of guilt and/or that affects the credibility of the

government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4. <u>Any Information That May Result in a Lower Sentence</u>.  As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83.  The government must disclose any cooperation or attempted cooperation by Mr. Adams, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines").  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Adams's criminal history, or any other application of the Guidelines.

5. <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Mr. Adams specifically requests a complete copy of any criminal record.

6. <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . .." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."  <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

Mr. Adams requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

7. <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).  Defense counsel requests all search warrants associated with this case.

8. <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this

1  case be preserved.  This request includes, but is not limited to the **vehicle involved in the case**, **Mr.
2  Adams's personal effects, and any evidence seized from Mr. Adams or any third party**.
3      It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved
4  in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist,
5  to inform those parties to preserve any such evidence.
6      9.    Henthorn Material.  Mr. Adams requests that the Assistant United States Attorney
7  ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each
8  agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 437, 438
9  (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the
10 others acting on the government's behalf in the case, including the police"); United States v. Henthorn,
11 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a
12 member of the public, by another agent, or any other person) against the agent, whether or not the
13 investigating authority has taken any action, as well as any matter for which a disciplinary review was
14 undertaken, whether or not any disciplinary action was ultimately recommended.  Mr. Adams further
15 requests production of any such information at least *one week* prior to the motion hearing and two weeks
16 prior to trial.  If the prosecutor is uncertain whether certain information should be disclosed pursuant to
17 this request, this information should be produced to the Court in advance of the motion hearing and the
18 trial for an *in camera* inspection.
19     10.   Tangible Objects.  Mr. Adams requests the opportunity to inspect, copy, and test, as
20 necessary, all other documents and tangible objects, including photographs, books, papers, documents,
21 alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the
22 defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr.
23 Adams.  Fed. R. Crim. P. 16(a)(1)(E).  Specifically, Mr. Adams requests **color copies** of all photographs
24 related to this case in the government's possession.
25     11.   Expert Witnesses.  Mr. Adams requests the name, qualifications, and a written summary of
26 the testimony of any person that the government intends to call as an expert witness during its case in
27 chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description of the witness'
28 opinion(s), as well as the bases and the reasons for the opinion(s).  See United States v. W.R. Grace, 493

1 F.3d 1119 (9th Cir. 2007); United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).  This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Adams or any other witness.

Mr. Adams requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert.  See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. Impeachment evidence.  Mr. Adams requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Adams.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under Brady, 373 U.S. 83.  See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. Evidence of Criminal Investigation of Any Government Witness.  Mr. Adams requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14. Evidence of Bias or Motive to Lie.  Mr. Adams requests any evidence that any prospective government witness is biased or prejudiced against him, or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.  **To this end, Mr. Adams requests discovery regarding all of the informants' arrests and any other potential impeachment information regarding these witnesses.**

1    15.     Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. Mr.
2 Adams requests any evidence, including any medical or psychiatric report or evaluation, tending to show
3 that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired;
4 and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
5 alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

6    16.     Witness Addresses. Mr. Adams requests the name and last known address of each
7 prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987);
8 United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by
9 counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal
10 right to talk to witnesses). Mr. Adams also requests the name and last known address of every witness to
11 the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be
12 called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

13    17.     Name of Witnesses Favorable to the Defendant. Mr. Adams requests the name of any
14 witness who made any arguably favorable statement concerning her or who could not identify him or who
15 was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288
16 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164,1168 (6th Cir. 1978); Hudson v.
17 Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18    18.     Statements Relevant to the Defense. Mr. Adams requests disclosure of any statement that
19 may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux,
20 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts that are relevant to the defense**
21 **motion to dismiss the indictment.**

22    19.     Jencks Act Material. Mr. Adams requests production in advance of the motion hearing or
23 trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks
24 Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes constitute
25 an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement
26 under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States
27 v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when
28 an agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802,

1 | 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or
2 | trial to allow Mr. Adams to investigate the Jencks material. Mr. Adams requests pre-trial disclosure of
3 | such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and
4 | use properly any Jencks statements during cross-examination.

5 |       20.     Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Adams
6 | requests all statements and/or promises, expressed or implied, made to any government witnesses, in
7 | exchange for their testimony in this case, and all other information that could arguably be used for the
8 | impeachment of any government witnesses.

9 |       21.     Agreements Between the Government and Witnesses. Mr. Adams requests discovery
10 | regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
11 | compensation, or any other kind of agreement or understanding, including any implicit understanding
12 | relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government
13 | witness and the government (federal, state and/or local). This request also includes any discussion with a
14 | potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or
15 | any possible plea bargain, even if no bargain was made or the advice not followed.

16 |       22.     Informants and Cooperating Witnesses. Mr. Adams requests disclosure of the names and
17 | addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
18 | disclosure of any informant who was a percipient witness in this case or otherwise participated in the
19 | crime charged against Mr. Adams. The government must disclose the informant's identity and location,
20 | as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.
21 | Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information
22 | derived from informants that exculpates or tends to exculpate Mr. Adams.

23 |       23.     Bias by Informants or Cooperating Witnesses. Mr. Adams requests disclosure of any
24 | information indicating bias on the part of any informant or cooperating witness. Giglio, 405 U.S. 24.
25 | Such information would include what, if any, inducements, favors, payments or threats were made to the
26 | witness to secure cooperation with the authorities.

27 |       24.     Personnel Records of Government Officers Involved in the Arrest. Mr. Adams requests all
28 | citizen complaints and other related internal affairs documents involving any of the immigration officers

or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Adams. See Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25. Training of Relevant Law Enforcement Officers. Mr. Adams requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (ATF, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses.

26. Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Adams requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint, ballistics, or DNA testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Mr. Adams also requests any tests used to establish a firearm for a higher guideline adjustment (e.g. automatic machine guns, sawed-off shotguns).

27. Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

28. Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request

of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

29. <u>Specific Requests</u>. Mr. Adams specifically requests the opportunity to view the "A-File" of the material witness in this case. He also specifically requests all reports and documentation relating to prior apprehensions of the material witnesses.

30. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Adams and defense counsel have received some discovery, but substantial discovery has not been produced. For example, Mr. Adams has yet to receive the conviction documents regarding the prior felony conviction alleged in the indictment, any documents establishing interstate or foreign commerce, and the search warrants. Mr. Adams requests the opportunity to file further motions as this or other information comes to light or as the interests of justice require.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Adams respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: September 8, 2008         s/ Andrew Lah
                                **ANDREW LAH**
                                Federal Defenders of San Diego, Inc.
                                Attorneys for Mr. Adams

1  **ANDREW LAH**
   California State Bar No. 234580
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467 Ext. 3737
4  Facsimile:   (619) 687-2666
   andrew_lah@fd.org
5

6  Attorneys for Mr. Adams

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE ROGER T. BENITEZ)**

11 UNITED STATES OF AMERICA,          )   Case No. 08CR2531-BEN
                                      )
12           Plaintiff,                )
                                      )
13 v.                                  )   **PROOF OF SERVICE**
                                      )
14 **GENTRY ADAMS,**                   )
                                      )
15           Defendant.                )
                                      )
16

17         Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of

18 his information and belief, and that a copy of the foregoing document has been served via CM/ECF this day

19 upon:

20         **Assistant United States Attorney**
           efile.dkt.gc1@usdoj.gov
21

22 Dated: September 8, 2008                  *s/ ANDREW LAH*
                                             **ANDREW LAH**
23                                           Federal Defenders of San Diego, Inc.,
                                             andrew_lah@fd.org
24

25

26

27

28